UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| CRAFTLINE GRAPHICS, INC., and | ) | |
|---|---|---|
| KAPPA GRAPHICS, L.P., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:17-CV-462-TLS |
| | ) | |
| TOTAL PRESS SALES & SERVICE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Default Judgment [ECF No. 17] against the sole Defendant Total Press Sales & Service, LLC, filed by Plaintiffs Craftline Graphics, Inc. (Craftline), and Kappa Graphics, L.P. (Kappa), on January 24, 2018.[1]

The Plaintiffs have sued the Defendant for breach of contract, breach of warranty, and negligence, alleging that the Defendant partially performed its duties to clean, refurbish, load, transport, rig, and reassemble Plaintiff Kappa's printing press, which was on lease to Plaintiff Craftline. Upon learning from the manufacturer of the printing press that the printing press was damaged, the Plaintiffs claim that the Defendant advised they could no longer work on the project and abandoned work. Further, the Plaintiffs allege that the Defendant was negligent in damaging the printing press in the first instance and then continuing to try to run the printing

---

[1] The Court notes that the Plaintiffs filed a previous Motion for Default Judgment [ECF No. 11] on January 9, 2018, followed by an Application for Clerk's Entry of Default [ECF No. 15] on January 19, 2018. The Clerk of Court subsequently entered default against the Defendant [ECF No. 16] on January 22, 2018, and the Plaintiffs filed this instant second Motion for Default Judgment on January 24, 2018. Because the Plaintiffs have refiled and/or renewed their first Motion for Default Judgment, the Court finds the first Motion for Default Judgment to be duplicative and dismisses it as moot. The Court has analyzed the second Motion for Default Judgment [ECF No. 17] in this Order.

press in its damaged condition, resulting in additional damage. Plaintiff Kappa claims that it has not received any payments pursuant to its lease agreement with Plaintiff Craftline because of the Defendant's negligent performance. Accordingly, the Plaintiffs seek damages for the costs of the parts, service, internal labor, material, and repairs they have incurred to try to repair the printing press, as well as lost profits for lease payments owed to Plaintiff Kappa from Plaintiff Craftline.

The Plaintiffs obtained a Clerk's Entry of Default [ECF No. 16] against the Defendant pursuant to Federal Rule of Civil Procedure 55(a). In the Plaintiffs Motion for Default Judgment, the Plaintiffs request that the Court enter judgment as follows (*see* Aff. for Entry of Default Judgment, ECF No. 17-1):

- $88,216.00 (parts and service paid by Plaintiff Craftline for installation costs) (*see* Summary of Invoices, ECF No. 17-2);
- $49,275.00 (internal labor/materials costs Plaintiff Craftline incurred for the initial installation/lost labor savings due to delays) (*see* Summary of Additional Costs, ECF No. 17-3);
- $500,760.00 (repair costs Plaintiff Kappa will incur related to the disassembly, re-installation, and repair of the printing press) (*see* ECF No. 17-4);
- $378,005.00 (Plaintiff Kappa's lost profits from delayed lease payments by Plaintiff Craftline related to delays by the Defendant) (*see* Lease Agmnt., ECF No. 17-5);
- Attorney fees of $22,744.00 and costs of $500.53 (*see* Mot. for Attorney Fees, ECF No. 13);
- Interest pre-judgment in the amount of $155,695.99 (calculated at an 8% interest rate since the day the cause of action accrued); and

- Interest post judgment at 8%.

The Plaintiff's counsel affirms that the calculation of damages is true and correct.

**ANALYSIS**

Once the default of a party has been established for failure to plead or otherwise defend, Federal Rule of Civil Procedure 55 authorizes a party to seek and a court to enter a default judgment. As long as a plaintiff's allegations are well-pleaded, a default judgment, as a general rule, "'establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint.'" *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)); *see also O' Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993). The party moving for a default judgment must then establish entitlement to the relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004); *RBS Citizens, N.A. v. M. & M. Brokerage, LLC*, No. 4:11-CV-0059, 2012 WL 839223, at *2 (N.D. Ind. Mar. 9, 2012) ("Yet while the factual allegations relating to liability are taken as true, the amount of damages must be proved."). Under Rule 54(c), a party obtaining a default judgment in its favor is not entitled to a judgment that differs in kind from or an award that exceeds the amount demanded in the pleadings. Courts must ascertain with reasonable certainty the proper amount to award as damages to the prevailing party, based upon either an evidentiary hearing or from definite figures contained in documentary evidence or in detailed affidavits. *In re Catt*, 368 F.3d at 793; *Dundee Cement Co.*, 722 F.2d at 1323.

The default of the Defendant has already been established, and, as a matter of law, the Defendant is liable to the Plaintiffs as alleged in the Complaint. Accordingly, the Plaintiffs are entitled to recovery for their damages.

In this Motion for Attorney Fees, Plaintiffs' counsel cites his hourly rate and those of the associates who assisted him, and he notes that attorney fees totaling $12,744.00 have been incurred, and an anticipated additional $10,000 in attorney fees will be incurred for post-judgment collection. (*See* Mot. for Attorney Fees ¶¶ 4, 7.) However, the Court finds that ascertaining with reasonable certainty the Plaintiff's request for $22,744.00 in attorney fees and costs of $500.63 requires additional itemized documentation substantiating the amount. *See Stark v. PPM America, Inc.,* 354 F.3d 666, 673–75 (7th Cir. 2004) (holding that a party seeking attorney fees must present evidence that would demonstrate that its fees are reasonable); *Spegon v. Catholic Bishop of Chi.,* 175 F.3d 544, 550 (7th Cir. 1999) (holding that the party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed); *Douglas v. Keen*, No. 07-CV-452, 2007 WL 2915586, at *2 (S.D. Ill. Oct. 5, 2007) (holding that the party seeking default did "not have an attachment showing the itemization of attorneys' fees and costs incurred by the law" and must supplement its motion).

Additionally, the Plaintiffs' request interest pre and post judgment of 8%, but do not provide an explanation or citation to any particular statute regarding how this rate was reached, and why pre-judgment interest begins accruing from the day the cause of action accrued.

As such, the Plaintiffs must provide additional documentation and citation to support their alleged damages, fees, and interest.

## CONCLUSION

The Plaintiffs are granted until May 17 2018, to provide the additional requested documentation and citation in support of the Plaintiffs' Motion for Default Judgment [ECF No. 17] and Motion for Attorney Fees, Costs and Expenses [ECF No. 11], to allow for the Court to rule on these pending matters. The Court DISMISSES the first Motion for Default Judgment [ECF No. 11] as MOOT.

SO ORDERED on April 17, 2018.

s/ Theresa L. Springmann<br>
CHIEF JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT