UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CRAFTLINE GRAPHICS, INC., and KAPPA GRAPHICS, L.P., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO.: 1:17-CV-462-TLS |
| TOTAL PRESS SALES & SERVICE, LLC, | ) ) ) | |
| Defendant. | ) ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Default Judgment [ECF No. 17] and associated Motion for Attorneys' Fees and Costs [ECF No. 13] against the sole Defendant Total Press Sales & Service, LLC, filed by Plaintiffs Craftline Graphics, Inc. (Craftline), and Kappa Graphics, L.P. (Kappa), on January 24, 2018. The Court requested additional information [ECF No. 18], and the Plaintiffs filed a response and amended support for their Motions on May 17, 2018 [ECF Nos. 19—21]. For the reasons set forth below, the Motion for Default Judgment and the Motion for Attorneys' Fees and Costs are DENIED WITHOUT PREJUDICE and with LEAVE TO REFILE.

**BACKGROUND**

The Plaintiffs have sued the Defendant for breach of contract, breach of warranty, and negligence, alleging that the Defendant partially performed its duties to clean, refurbish, load, transport, rig, and reassemble Plaintiff Kappa's printing press, which was on lease to Plaintiff Craftline. Upon learning from the manufacturer of the printing press that the printing press was

damaged, the Plaintiffs claim that the Defendant advised they could no longer work on the project and abandoned work. Further, the Plaintiffs allege that the Defendant was negligent in damaging the printing press in the first instance and then continuing to try to run the printing press in its damaged condition, resulting in additional damage. Plaintiff Kappa claims that it has not received any payments pursuant to its lease agreement with Plaintiff Craftline because of the Defendant's negligent performance.

On January 22, 2018, the Clerk entered a Default [ECF No. 16] against the Defendant pursuant to Federal Rule of Civil Procedure 55(a). The Plaintiffs filed their second[1] Motion for Default [ECF No. 17] on January 24, 2018. The Motion for Default, among other damages, requests attorneys' fees (*see* Mot. for Default ¶ 4, ECF No. 17), originally identified in their Motion for Attorneys' Fees [ECF No. 13]. The Court requested additional documentation and citation in support of the Plaintiffs' requests for prejudgment interest and attorneys' fees [ECF No. 18]. The Plaintiffs provided briefing on the prejudgment interest question [ECF No. 19], along with an amended affidavit, requesting a new amount for prejudgment interest [ECF No. 20], and also provided an itemized "matter ledger report" in support of the requested attorneys' fees [ECF No. 21].

Thus, at this time, the Plaintiffs request that the Court enter judgment on six categories of damages (*see* Aff. for Entry of Default Judgment ¶ 3, ECF No. 20): (1) "[p]arts and services paid by [Plaintiff] Craftline for installation costs outside of responsibility scope"; (2) "[i]nternal labor/material costs [Plaintiff] Craftline incurred for the initial installation/lost labor savings due to delays"; (3) Plaintiff Kappa's costs to repair the press; (4) "[l]ease payments [Plaintiff] Kappa

---

[1] The Plaintiffs initially filed their Motion for Default before the entry of default by the Clerk [ECF No. 11]. This Motion was dismissed as moot in the Court's last order [ECF No. 18].

lost from [Plaintiff] Craftline due to [Defendant] Total Press's negligence"; (5) prejudgment interest,[2] and (6) attorneys' fees, including costs and expenses.

## ANALYSIS

Once the default of a party has been established for failure to plead or otherwise defend, Federal Rule of Civil Procedure 55 authorizes a party to seek and a court to enter a default judgment. As long as a plaintiff's allegations are well-pleaded, a default judgment, as a general rule, "'establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint.'" *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)); *see also O' Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993). The party moving for a default judgment must then establish entitlement to the relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004); *RBS Citizens, N.A. v. M. & M. Brokerage, LLC*, No. 4:11-CV-0059, 2012 WL 839223, at *2 (N.D. Ind. Mar. 9, 2012) ("Yet while the factual allegations relating to liability are taken as true, the amount of damages must be proved."). Under Rule 54(c), a party obtaining a default judgment in its favor is not entitled to a judgment that differs in kind from or an award that exceeds the amount demanded in the pleadings. Courts must ascertain with reasonable certainty the proper amount to award as damages to the prevailing party, based upon either an evidentiary hearing or from

---

[2] The Plaintiffs do not explicitly request postjudgment interest, although they note "Plaintiffs defer to the Court's judgment in determining the amount of applicable post-judgment interest." Pls' Resp. to the Court, ECF No. 19, pg. 7.

definite figures contained in documentary evidence or in detailed affidavits. *In re Catt*, 368 F.3d at 793; *Dundee Cement Co.*, 722 F.2d at 1323.

The default of the Defendant has already been established, and, as a matter of law, the Defendant is liable to the Plaintiffs. Accordingly, the Plaintiffs are entitled to recover their damages. However, the Plaintiffs have not established their entitlement to the damages sought.

First, the evidence supporting all of the Plaintiffs' damages claims is an affidavit signed by the attorney representing the Plaintiffs and various otherwise unverified documents. While affidavits can be sufficient evidentiary proof of damages, *see O'Brien*, 998 F.3d at 1404, the affidavits in question must be signed by an individual who has personal knowledge of those damages. *Cf. Trs. of the Teamsters Union Local No. 142 Pension Tr. Fund v. KLS Servs. INC.*, Civ. No. 2:07-cv-51, 2007 WL 2700247, *2 (N.D. Ind. Sept. 11, 2007) ("Plaintiffs submit an affidavit from Jay Smith, Fund Manager of the Trust . . .") *with Miron Const. Co. v. Structural Steel of St. Paul, Inc.*, Civ. No. 12-cv-412, 2012 WL 3776512, *1 (W.D. Wis. Aug. 30, 2012) ("Plaintiff may supplement its proof of damages by filing one or more affidavit(s) from those with personal knowledge," as the affidavit signed by Plaintiff's counsel was insufficient). The Plaintiffs' counsel does not indicate that he has personal knowledge of the damages. Thus, the Plaintiffs have provided no evidence to establish their damages in any category, and must remedy this problem if they refile their Motion for Default.

Second, for certain categories of damages, the Plaintiffs must explain why the actions they plead lead to the damages they request. The Plaintiffs request the lease payments that Plaintiff Craftline owed to Plaintiff Kappa, the amount paid for "[p]arts and services" by Plaintiff

4

Craftline for "installation costs outside of responsibility scope,"[3] and internal labor costs incurred by Plaintiff Craftline. Under ordinary circumstances, Plaintiff Kappa would pursue Plaintiff Craftline for the damages associated with its breach of their lease, and conversely, if Plaintiff Kappa had paid amounts it was not required to pay under the lease agreement, it might recover from Plaintiff Craftline. However, these actions are all governed by a contract to which the Defendant is not a party, and thus under which it has no obligations. Further, Plaintiff Craftline does not appear to have been a party to the original agreement between Plaintiff Kappa and the Defendant, and its damages claim for internal labor costs associated with a leased piece of equipment would more usually be directed towards Plaintiff Craftline. The Plaintiffs must explicate their theory of damages detangling the lines of obligation if they want to recover these categories.

With respect to prejudgment interest, the Plaintiffs' briefing describes the application of the Indiana Tort Prejudgment Interest Act [ECF No. 19]. The Plaintiffs did plead the tort of negligence; however, under Indiana law, "the defendant is not liable under a tort theory for any purely economic loss caused by its negligence (including, in the case of a defective product or service, damage to the product or service itself)." *See Indianapolis-Marion Cmty. Public Library v. Charlier Clark & Linard, P.C.*, 929 N.E2d 722, 726–27 (Ind. 2010); *see also Gunkel v. Renovations, Inc.*, 822 N.E.2d 150, 153 (Ind. 2005) ("[C]ontract law governs damage to the product or service itself and purely economic loss arising from the failure of the product or service to perform as expected."). "Purely economic" loss includes repair costs and

---

[3] Based on a review of the Plaintiffs' submissions, the Court presumes that the "responsibility scope" referenced was determined by the lease. (*See* Ex. 4 "Equipment Lease Agreement" ¶ 6, ECF No. 20-4, "Lessee's Maintenance and Repairs."). If this presumption is incorrect, the Plaintiffs must articulate how these damages were determined to be "outside the responsibility scope," and how that scope was set.

consequential losses such as lost profits, rental expense, and lost time. *See Guideone Ins. Co. v. U.S. Water Sys., Inc.*, 950 N.E.2d 1236, 1244–45 (Ind. Ct. App. 2011). The most common exception is when "such failure causes personal injury or physical harm to property other than the product itself." *Id*; *see also Indianapolis-Marion Cmty. Public Library*, 929 N.E.2d at 726–31. The Plaintiffs have only alleged economic damages, and thus the damages permitted under ordinary contract theory would normally be the only ones permitted. The Plaintiffs have not argued that any other exception to the general economic loss rule applies to this case.

The Plaintiffs do argue that "contractual disputes may be properly considered civil actions arising out of tortious conduct as required by I.C. §34-51-4-1." (Pls' Resp. to the Court, ECF No. 19, pg. 5.) However, the citation the Plaintiffs offer in support of that contention, *Inman v. State Farm Mut. Auto. Ins. Co.*, 981 N.E.2d 1202 (Ind. 2012), addressed an insurance policy where "the U[nder] I[nsured] M[ortorist] insurance provider steps into the shoes of the tortfeasor." The Indiana Supreme Court held "the TPIS can apply to civil actions, such as a UIM breach of contract action, which arise due to tortious conduct but which are not tort actions." Thus, *Inman* applied the TPIS to a case with a personal injury, and does not address the economic loss doctrine under the Plaintiffs' circumstances. The Plaintiffs must offer further explanation of why they should receive prejudgment interest if they make such a claim in a revised Motion for Default. Additionally, if the Plaintiffs conclude that the contract governs, the Plaintiffs should address whether Indiana or Pennsylvania law applies.

Finally, the Plaintiffs' counsel has requested attorneys' fees, first by Motion [ECF No. 13], and then in the subsequent Motion for Default [ECF No. 17]. First, the Court notes that the Plaintiffs' attorney does not state "the statute, rule, or other grounds entitling [him] to the

6

award," as required under Federal Rule of Civil Procedure 54(d)(2)(b)(ii). In response to the Motions, the Court initially ordered Plaintiffs' counsel to provide additional documentation and citation to support his claim of fees, specifically directing Plaintiffs' counsel to cases that detail how attorneys must provide not just itemized bills, but support that their rates and hours are reasonable, as well. *See Stark v. PPM America, Inc.,* 354 F.3d 666, 673–75 (7th Cir. 2004) (holding that a party seeking attorney fees must present evidence that would demonstrate that its fees are reasonable); *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 550 (7th Cir. 1999) (holding that the party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed). However, the Plaintiffs' counsel has only provided a "Matter Ledger Report," which details what his firm did and how long it took, but does not prove that the fees or hours were reasonable [ECF No. 21]. The Plaintiffs' counsel is directed to remedy these defects if he chooses to refile his Motion for Attorneys' Fees and Costs.

## CONCLUSION

For the forgoing reasons, the Plaintiffs' Motion for Default [ECF No. 17, 20] and Motion for Attorneys' Fees and Costs [ECF No. 13, 21] are DENIED WITHOUT PREJUDICE and with LEAVE TO REFILE. As the Court has now ruled on the pending Motions, the Plaintiff's Status Report, Request for Ruling on Motion for Default Judgment [ECF No. 22] is rendered MOOT.

SO ORDERED on September 19, 2018.

s/ Theresa L. Springmann<br>
CHIEF JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT